UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VERNON PRICE                                                                                           PLAINTIFF

V.                                                                              CIVIL ACTION NO.1:10CV11-JAD

CALVIN MANGUM                                                                                    DEFENDANT

## MEMORANDUM OPINION

Vernon Price has alleged that Calvin Mangum a Mississippi Highway Patrol Officer used excessive force during a traffic stop. He seeks damages for injuries allegedly sustained in the encounter with the officer. Mangum has now filed his motion for summary judgment seeking dismissal of the complaint with prejudice. He asserts that any state law claim is barred under the notice and limitations provisions of the Mississippi Tort Claims Act. He also asserts that he is entitled to qualified immunity and to dismissal of the complaint against him.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151.

ANALYSIS

The plaintiff by failing to address the issue has conceded the motion for summary judgment on the state law claims. He, however, asserts that there are triable issues of fact regarding the excessive force claim under § 1983 and that the facts are such as to overcome Mangum's qualified immunity.

Mangum received a radio call alerting him to a complaint of a car tailgating an ambulance. When the ambulance followed by Price in his car passed the officer, Mangum stopped Price. Price was on his way home from work. Price gave the officer his license and insurance information. When the officer ran the license information he discovered an outstanding arrest warrant for simple battery from the state of Georgia. He, therefore, asked Price to step out of the car and place his hands on the trunk. Price after some delay complied. Price was wearing his work apron. In a pocket of the apron was a box cutter. According to Price, the officer asked him if he had any weapons on him and he replied that what he had was in the pocket of the apron. Price further asserts that the officer said something to him and when he turned his head to speak to the officer, Mangum threw him down across the trunk of the car. Price states that his front teeth hit the back window of his car and were broken during this maneuver. Price was then handcuffed, arrested and taken to the Lee County Sheriff's Office. He was charged with disorderly conduct, resisting arrest and traffic charges. These charges were eventually dismissed.

Mangum for his part faults Price for failing to tell the officer specifically that the weapon he was referring to was a box cutter. Mangum says that as he was proceeding with the pat down, he felt the box cutter in the apron pocket and believed it to be a weapon. He claims Price pushed

against him during the procedure and for that reason he put Price down on the trunk. No doubt if a jury accepts Mangum's version of events, it will also find that he has not used excessive force.

There is ,in a word, a material dispute about what happened at the stop. If Price's version is accepted he complied with the officer's instructions and honestly responded to the officer's inquiry alerting him to the presence of a box cutter, a tool from his work, in the pocket of his work apron. Price says he did no more than turn his head toward the officer in an attempt to speak with the officer. Price claims he took no aggressive action toward the officer. If Price's version is accepted as true, the officer could not have "perceived" Price pushing against and shoving him. If the jury believes Price, an angry officer threw him down across the trunk and injured him when he had been doing nothing that could be perceived as either resistance or a threat to the officer. Accepting this version of the facts as true, it cannot be said as a matter of law that the officer did not use excessive force. This is an issue which must be tried.

The defendant also tries to assert that the plaintiff has not proved a sufficient injury and has not shown a connection between any injuries and the alleged use of excessive force. This argument is without merit. The record indicates that the plaintiff sought emergency room treatment for his injuries. While there were no broken bones, pain medications were prescribed indicating injury. The plaintiff has testified that his teeth were injured when the officer threw him down. This is sufficient to establish both the injury and the connection with the actions alleged to be excessive. The officer's testimony that the plaintiff received a busted lip in the incident corroborates the plaintiff's claims about the injury. Given that record contains sufficient evidence to establish that the plaintiff needs further treatment, the fact that he has not received treatment, purportedly due to

insurance coverage issues, does not negate the fact that he has received injury. While not among the most serious of injuries, it is also not a bruise from a handcuff nor a mere scrape of the forehead.

There are clearly genuine issues of material fact regarding the federal claims which cannot be resolved by summary judgment. F.R.Civ.P. 56. In any event, the court has the discretion, which it should exercise here, to allow the plaintiff's claims to proceed to trial. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

This the 7th day of April, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE